IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DAVIDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:14-CV-323-WKW |
| ) | |
| CITY OF OPELIKA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This 42 U.S.C. § 1983 action arises from injuries Plaintiff Michael Davidson sustained on March 6, 2014, when a police officer shot and wounded Plaintiff during a traffic stop. Before the court is Defendants' Motion for Issuance of Subpoena to Obtain United States Air Force Office of Special Investigations Records. (Doc. # 52.) For the reasons to follow, the motion is due to be granted.

The following background is garnered from the parties' filings in support of and in opposition to the pending motion. The March 6, 2014 traffic stop contributed indirectly to Plaintiff's discharge from the United States Air Force after a search of Plaintiff's vehicle uncovered a quantity of spice, an illegal drug. As part of the military investigation that ultimately resulted in Plaintiff's discharge, the Office of Special Investigations ("OSI") conducted a videotaped interview of Plaintiff. The video is in the OSI's possession, and the OSI has informed defense

counsel that it will tender the video to defense counsel only upon receipt of a subpoena signed by the "presiding judge." (Doc. # 52, at 1.)

Defendants contend that the video "will shine light upon Plaintiff's candor and credibility" because, according to Defendants, Plaintiff was not truthful during the military investigation. (Doc. # 55, at 2.) They further argue that the video will contribute to proof that Plaintiff was under the influence of an illegal substance during the March 6, 2014 traffic stop, "thus explaining his reckless behavior and [the officer's] reasonable reaction." (*See* Doc. # 55, at 2.) For these reasons, Defendants contend that the video is "highly relevant to the moving parties' defense and within the broad scope of discovery provided by the Federal Rules of Civil Procedure." (Doc. # 55, at 2.)

Plaintiff asserts, on the other hand, that the videotaped interview is irrelevant and immaterial. His primary contention is that the dash-cam recording from the March 6, 2014 traffic stop speaks for itself concerning Plaintiff's behavior prior to being shot and that "nothing about spice . . . is relevant" in this case. (Doc. # 56, at 3.) He also argues that the video is cumulative of his deposition testimony during which he "admitted that he did not answer the question regarding [his] use of synthetic marijuana truthfully" during the military investigation. (Doc. # 56, at 3; *see also* Pl.'s Dep., at 110–11.)

Pursuant to Federal Rule of Civil Procedure 26(b)(1), the court has broad discretion to ensure that the parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," and "[f]or good cause . . . may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevancy for purposes of Rule 26(b)(1) requires "flexible treatment," *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981) (citation and internal quotation marks omitted), and, as a whole, the federal discovery rules are to be construed broadly and liberally, *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Moreover, a party is entitled to seek documentary evidence from a third party through the issuance of a subpoena pursuant to Federal Rule of Civil Procedure 45. But the court may limit a party's use of a subpoena if it determines that the discovery is "unreasonably cumulative or duplicative . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i).

Based upon the liberal discovery rules and the exercise of its discretion, the court will issue the subpoena to permit Defendants to have access to the video. No argument has been made that the video is subject to a privilege, and the court finds that the video falls within the scope of relevant evidence as contemplated by Rule

26(b)(1). The relevance of the video to Defendants' defense, of which Defendants provide a glimpse, cannot be eliminated. At the very least, Defendants have shown that the video is "relevant to the subject matter" of this action, and additionally, good cause exists for its production. Fed. R. Civ. P. 26(b)(1).

Plaintiff's arguments, to the extent they touch on the relevance of the video for purposes of admissibility at trial, are premature. *See* Fed. R. Evid. 401. Whether evidence is discoverable does not turn upon its admissibility under Rule 401, but rather upon whether the evidence is "reasonably calculated" to lead to Rule 401 evidence. *See* Fed. R. Civ. P. 26(b)(1); *see generally Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (providing that discovery is neither "limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues," nor "limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits"). Moreover, there has been no demonstration that, even if cumulative, the video is "*unreasonably* cumulative."[1] Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). In sum, Defendants have shown the relevancy of the video under Rule 26(b)(1), and Plaintiff has failed to demonstrate any impediment to its discovery.

---

[1] It is not necessary for the court to view the dash-cam recording of the March 6, 2014 traffic stop, as urged by Plaintiff, to rule on the present motion. Plaintiff has proffered no grounds suggesting that the dash-cam recording would render the OSI videotaped interview of Plaintiff irrelevant in the context of discovery. Whether ultimately the videotaped interview is inadmissible for purposes of trial is a separate question to be decided at a later date.

Accordingly, it is ORDERED that Defendants' Motion for Issuance of Subpoena to Obtain United States Air Force Office of Special Investigations Records (Doc. # 52) is GRANTED.

Defendant is DIRECTED to submit the subpoena (Doc. # 52-1) either by hand delivery to chambers or by transmitting an electronic copy of the proposed subpoena to the court as an attachment to an email message sent to propord_watkins@almd.uscourts.gov.

DONE this 12th day of May, 2015.

                                                  /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE